## SCRUGGS & WIFE *vs.* MAYOR, &c., OF HUNTSVILLE.

[BILL IN EQUITY TO ENJOIN CITY AUTHORITIES FROM COLLECTING TAX.]

1. *Constitution of* 1865 ; *force and validity of.*—The constitution adopted by the convention of 1865, was never recognized by the general government, or ordained and established by the people, in any legitimate way, as the fundamental law of the State. The constitution in force before the ordinance of secession continued of force after the overthrow of the insurgent government, until changed or abrogated in some lawful mode ; consequently, § 38 of Article IV. of the Constitution of 1865, can have no restrictive effect upon the powers of the

legislative department of the State during the provisional government thereof.

2. *Huntsville, city of; act of 24th November*, 1866, *enlarging boundaries of, not unconstitutional.*—The act of the general assembly of the 24th November, 1866, enlarging the boundaries of the city of Huntsville, not being amenable to § 38 of Article IV. of the Constitution of 1865, is not unconstitutional, and a bill filed to enjoin the collection of taxes on property thus brought within the limits of Huntsville, the equity of which was based on the unconstitutionality of said act, was properly dismissed.

APPEAL from Chancery Court of Limestone.
Tried before Hon. WM. SKINNER.

THIS was a bill in equity filed by the appellants against the corporate authorities of the city of Huntsville, to enjoin the collection of certain taxes levied by them on the property of appellants, which was formerly outside of the corporate limits, but which, by the act of the general assembly of November 24th, 1866, enlarging the city boundaries, was brought within the corporate limits of the city and thus made liable to taxation as other city property. The bill alleges, that the act of 1866 is unconstitutional and void, being in violation of § 38, Article IV. of the Constitution of 1865. The chancellor dismissed the bill for want of equity, and hence this appeal.

WALKER & BRICKELL, for appellant.
ROBINSON & WALKER, *contra.*

[The briefs did not come into Reporter's hands.]

PETERS, J.—The whole case made in the bill depends upon the validity of the act of the legislature of the provisional government of this State, which was adopted on November 24th, 1866; by which the limits of said city of Huntsville were extended so as to include the lands of complainants.—Acts 1866–1867, No. 16, p. 28. If this act is a valid law, the bill was properly dismissed; but if it was not valid, then the property of the appellants, which was taxed, did not come within the incorporate limits of said city of Huntsville, and the tax was illegally levied, and the

injunction should have been made perpetual.—*Lott v. Ross & Co.*, 38 Ala. 156.

Heretofore, this court has treated the legislative enactments of the provisional government of this State as legal, so far as they have not been repealed or superseded, or were not in contravention of the constitution and laws of the United States.—*Johnson v. Reynolds*, June term, 1870; *Texas v. White*, 7 Wall. 700, 720, 721 to 725. But the case has been otherwise with the constitution formed by the convention of the 12th day of September, 1865. That instrument has never been recognized by the government of the United States or adopted by the people of this State, as its constitutional law. The admitted high respectability of the authority that called that convention, and the ability and patriotism of the eminent men who composed it, were not enough to purge it of the irregularity which was fatal to its validity, and its work was not received and ratified as the fundamental law of the State. Until this is done, this court has no sufficiently well settled authority to supply this deficiency. This court can only know that to be the constitution of the State, which has been so ordained and established by the people, in some legitimate way, and accepted as such by the general government. So far as the constitution of 1865 is concerned, this has not been done, in any regular and approved manner.—Cooley, p. 32, § IV.

The act of secession did not abrogate the constitution of the State which existed before its date. After the overthrow of the rebellion, that constitution was the only limit of the legislative power in this State, save the constitution and laws of the United States. In the case of *Mauran v. Insurance Co.*, Mr. Justice Nelson, speaking for the court, says: "We agree that *all* the proceedings of these eleven States, either severally or in conjunction, by means of which the existing governments were overthrown and new governments erected in their stead, were *wholly illegal and void*, and that they remained after the attempt at separation and change of government, in judgment of law, as completely under all their constitutional obligations as before."—6 Wall. 1, 13, 14. The ordinance of secession

was wholly null and void. It wrought no effect upon the subsisting government of the State, save to suspend it.— Revised Code, p. 55; Ordn. No. 13; Pamph. Acts 1868, p. 167, No. 16; *Texas v. White*, 7 Wall. 700, 726, second paragragh from top page. Then, the result must be, that the constitution of the State in force before the attempt at separation, will continue in force after the restoration of peace, and until it is abrogated or altered in some regular and legal way. The constitution of 1865 purports to be only a revised constitution of the State. The mode of this revision is prescribed in the constitution, which existed before secession. This mode is the law of the revision, unless the people direct a convention to be called to institute another method.—Code of Alabama, p. 45; Mode of Amend. and Revis. Const.; *Collier v. Frierson*, 24 Ala. 100; see, also, Const. 1865, Art. IX., § 1; Rev. Code, p. 44; Const. 1867, Art. XVI., § 1.

To avoid revolutionary excesses, which spring out of an irregular exercise of popular power, it is safest and best to proceed by the prescribed way. Then, law rules and not passion and prejudice. What the legitimate powers of a popular convention are, will possibly never be settled, so as to suit and harmonize with all the arguments upon this subject; but the better opinion is, that a convention becomes revolutionary and illegal, which attempts in an irregular way to overturn and disregard the settled and fundamental law of the State. At the same time it may be admitted, that the people of the State, when in their proper and normal relation to the Union, can amend or revise their existing constitution or establish a new one, in such manner as they may think fit under the limitations imposed by the constitution and laws of the United States. For this purpose, the sovereign power is vested in them. They must then, within these limits, be the judges of the power and the manner of its use. But when this normal relation of those acting, does not exist, or has been disturbed, the people of the State can not act without a limit, and may be controlled by the government of the nation, as has been done in our own instance. Hence, then, conventions of the people of the State may become lawless,

as well as a mob.—*Luther v. Borden*, 7 How. 1 ; *Scott v. Jones*, 5 How. 343 ; *The State, ex rel. McDaniel v. McMeekin*, 2 Hill's S. C. Reports, 1 ; Justice O'Neall's opinion, p. 222, *et seq.* ; Jameson's Const. Conv. § 569, *et seq.* ; 6 Cush. R. p. 573 ; Reconstruction Laws of Congress, *urbique.* Then, section 38 of Article IV. of the Constitution of 1865 can not be applied, as a restriction, upon the legislative power of the State, under the provisional government, even if it should be admitted that this restriction would apply to such a case as this ; a question which we do not now decide.

This restriction out of the way, there can be no reasonable doubt of the power of the general assembly to extend the boundaries of an incorporated town or city. The policy of such extension is not a question that the courts can consider. This is vested exclusively in the legislative branch of the government. The power to incorporate certainly exists in the general assembly ; and this includes the power to fix the boundaries of the town or city thus incorporated. And this power is not limited to a single exercise of its functions. The power that can fix the boundaries once, may repeat this act as often as the public convenience may require it. It may therefore extend a boundary already fixed. And when such extension of boundaries is accepted and ratified by the corporate body, it becomes a part of the town or city limits.

The law of the Code in reference to incorporations, and the change of corporate boundaries can not be applied as a limit to the legislative power of the State over corporations. The legislature may act independently of such laws. Nothing short of the constitution of the State, and the supreme law of the land, is a restriction on the legislative branch of the State government.—Cooley, 87, *et seq.* ; *Dorman v. The State*, 34 Ala. 216.

Under this view of the law, the decree of the chancellor was correct. It is therefore affirmed. Let the appellants pay the costs of this appeal, in this court, and in the court below.