Mr. Justice BRADLEY
 

 delivered the opinion of the court.
 

 It is unnecessary at this time to discuss the question of power on the part of a State legislature to make a contract exempting certain property from taxation. Such a' power has been frequently asserted and sustained by the decisions of this court.
 
 *
 

 The question in this case is, whether any contract was ¡mulo at all; and, if there -was, whether it was a coutract determinable at will, or of perpetual obligation ?
 

 Had the plaintiff' in error been incorporated by a special charter, and had that charter contained the provision, that all its lands and property used in the manufacture of salt
 
 *377
 
 should forever, or during the continuance of its charter, he exempt from taxation, and had that charter been accepted and acted on, it would have constituted a contract. But tin-case before us is not of that kind. It declares, in purport and effect, that
 
 all
 
 corporations and individuals who shall manufacture salt in Michigan from water obtained by boring in that State, shall be exempt from taxation as to all property used for that purpose, and, after they shall have manufactured 5000 bushels of salt, they shall receive a bounty of 10 cents per bushel. That is the whole of it. As the Supreme Court of Michigan says, it is a bounty law, and nothing more; a law dictated by public policy and the general good, like a law offering a bounty of fifty cents for the killing of every wolf or other destructive animal. Such a law is not a contract except to bestow the promised bounty upon those who earn it, so long as the law remains unrepealed. There is no pledge that it shall not be repealed at any time. As long as it remains a law every inhabitant of the State, every corporation having the requisite power, is at liberty to avail himself, or itself, of its advantages, at will, by complying with its terms, and doing the things which it promises to reward, but- is also at liberty, at any time, to abandon such a course. There is no obligation on any person to comply with the conditions of the law. It is a matter purely voluntary; and, as it is purely voluntary on the one part, so it is purely voluntary on the other part; that is, on the part of the legislature, to continue, or not to continue, the law. The law in question says to all: You shall have a bounty of 10 cents per bushel for all salt manufactured, and the property used shall be free from taxes. But it does not say ho\v long this shall continue; nor do the parties who enter upon the business promise how long they will continue the manufacture. It is an arrangement determinable at the will of either of the parties, as much so as the hiring of a laboring man by the daj-.
 

 If it be objected that such a view of the case exposes pai-ties to hardship and injustice, the answer is ready at hand, and is this: It will not be presumed that the legislature of
 
 *378
 
 a sovereign State will do acts that inflict hardship aud injustice.
 

 The case differs entirely from those laws and charters which have been adjudged to be irrevocable contracts.
 

 Charters granted to private corporations are held to be contracts. Powers and privileges are conferred by the State, and corresponding duties and obligations are assumed by the corporation. And if no right to alter or repeal is reserved, stipulations as to taxation, or as to any other matter within the power of the legislature, are binding on both parties; and, so corporations formed under general laws in place of special charters, like the Ohio banks under the general banking law of that State, are entitled to the benefit of specific provisions and exemptions contained in those laws, which are regarded in the same light as if inserted in special charters.' “ The act is as special to each bank,” says Justice McLean, delivering the opinion of this court, “as if no other institution were incorporated under it.”
 
 *
 
 In such cases the scope of the act takes in the whole period for which the corporation is formed. The language means that, during the existence of any corporation formed under, the act, the stipulation or exemption specified in it is to operate.
 

 The act under consideration cannot be interpreted on this, principle. It applies to individuals as well as corporations, and to all corporations having power to manufacture salt. Now, in the case of individuals, must it be construed to mean that, as long as the individual lives and manufactures salt, the State will pay him the bounty of ten cents on the bushel, and exempt his property from taxation ? Can the law never be repealed as to those who have once commenced the manufacture? Such a construction could never have been intended. In its nature it is a general law, regulative of the internal economy of the State, and as much subject to repeal and alteration as a law forbidding the killing of game in certain seasons of the year. Its continuance is ar matter of public policy only; aud those who rely on it must
 
 *379
 
 base their reliance on the free and voluntary good faith of the legislature. For the benefit of sheep-growers in some States dogs are subjected to a severe tax. Could not the legislature repeal such a law? If Congress establishes a tariff for the protection of certain manufactures, does that amount to a contract not to change it?
 

 In short, the law does not, in our judgment, belong to that class of laws which can be denominated contracts, except so far as they have been actually executed and complied with. There is no stipulation, express or implied, that it shall not be repealed. General encouragements, held out to all persons indiscriminately, to engage in a particular trade or manufacture, whether such encouragement be in the shape of bounties or drawbacks, or other advantage, are always under the legislative control, and may be discontinued at any time.
 

 Judgment aeeirmed.
 

 *
 

 New Jersey
 
 v.
 
 Wilson, 7 Cranch, 164; Gordon
 
 v.
 
 Appeal Tax Court, 3 Howard, 133; Piqua Bank
 
 v.
 
 Knoop, 16 Id. 369; Ohio Life and Trust Co.
 
 v.
 
 Debolt, Ib. 416; Dodge
 
 v.
 
 Woolsey, 18 Id. 331; Jefferson Bank
 
 v.
 
 Skelly, 1 Black, 436; McGee
 
 v.
 
 Mathis, 4 Wallace, 143; Home of the Friendless v. Rouse, 8 Id. 430; Wilmington Railroad
 
 v.
 
 Reid,
 
 supra,
 
 264.
 

 *
 

 Piqua Bank
 
 v.
 
 Knoop, 16 Howard, 380.