## TUSKALOOSA SCIENTIFIC AND ART ASSOCIA-
## TION vs. GREEN.

[ACTION TO RECOVER AMOUNT SUBSCRIBED FOR STOCK, &C.]

1. *Dissolution of corporation; effect of, on its right to sue.*—The dissolution of a corporation in this State does not effect its right to sue and be sued, until the lapse of five years after such dissolution.—Rev. Code, § 1775.

2. *Tuskaloosa Scientific and Art Association; charter of, creates a contract which the State can not impair by repeal of charter.*—The charter incorporating the Tuskaloosa Scientific and Art Association, made it a body corporate to continue of force for twenty-five years from the date of the act incorporating it, and constituted a contract between the State and the corporation, which it is beyond the power of the general assembly to repeal or impair by subsequent legislation. The act of the general assembly of Alabama approved March 9th, 1871, repealing the charter, is unconstitutional and void. (*Per* PETERS, J., *the court expressing no opinion on this point.*)

APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The appellant, in its complaint, claimed of the appellee "one hundred dollars for one share of the capital stock of their association, by them sold and delivered to the defendant, and for which he refuses to pay."

A jury trial was waived, the decision of the case submitted to the court on an agreed state of facts, in substance as follows: On the 11th day of March, 1871, defendant agreed to buy from the plaintiffs one share of the capital stock of the Tuskaloosa Scientific and Art Association, and afterwards refused to pay for the same, although a proper

certificate of stock for one share of the value of one hundred dollars was duly tendered him, the sole ground of refusal being that the plaintiff had no legal existence, their charter having been repealed by an act of the general assembly of Alabama entitled "An act to repeal an act entitled an act to incorporate the Scientific and Art Association," &c., approved February 3d, 1866, which repealing act was approved March 9th, 1871. The passage of the act of incorporation and the organization of the plaintiff under it, were admitted, as also the passage of the repealing act.

The court rendered judgment for the defendant and taxed plaintiff with costs, and hence this appeal.

MANNING & WALKER, and H. ST. PAUL, for appellant.— The Tuskaloosa Scientific and Art Association was incorporated by an act of the legislature of Alabama approved February 3d, 1866.

This charter was granted under the constitution adopted by the people of Alabama, and existing at the time of the adoption of the present one.

Under the laws then in force, the only mode by which chartered privileges could be annulled, are pointed out in the following sections of the Code: 1773, 1790, 3079, 3080, 3081, 3082, and following.

Outside of the causes assigned in these sections, the judiciary and much less the legislature, could neither amend nor repeal the vested right of any corporation, against the will of the corporators.

But the defendant pleads that under section 1, article 13, of the constitution of 1867, treating of corporations, "all general laws and special acts passed pursuant to this section may be altered, amended, or repealed."

That such powers exist as to corporations created subsequent to the adoption of that constitution may be admitted; but plaintiffs' charter was not granted under that instrument, and stands protected by the organic laws in force at the time of its passage, and those laws had provided the sole means whereby vested rights might be taken away.

In the absence of any allegations tending to show that the corporation has violated the provisions of their charter, that charter is inviolable, under the constitution of the United States, and the universal jurisprudence of the country.

That a State can not, through a constitutional enactment, violate contracts which ordinary legislation could not effect, is too elementary a principle to require argument before an enlightened court.

But this court, in the case of *Broadbent v. Tuskaloosa Scientific and Art Association*, forestalled the objection which might result from a repeal of the plaintiffs' charter. We rest on that case, not only on account of its intrinsic worth and direct bearing on the present case, but also on account of the authorities therein cited.

A. McKINSTRY, *contra.* (No brief on file.)

PETERS, J.—This case was decided on an agreed state of facts in the court below. And there seems to be but a single question contested in this court. That is this: Was the act of the general assembly of this State approved the 9th day of March, 1871, entitled "An act to repeal an act to incorporate the Tuskaloosa Scientific and Art Association, for the purpose of encouraging science and art, and aiding the University of the State in replacing its library and establishing a scientific museum," a valid law? That is, did the repealing act destroy the corporate powers of said association? This latter act contains but a single section, which is thus expressed: "Section 1. *Be it enacted by the General Assembly of Alabama,* That 'An act to incorporate the Tuskaloosa Scientific and Art Association, for the purpose of encouraging science and art and aiding the University of the State in replacing its library and establishing a scientific museum,' be, and the same is hereby repealed." Some time before this repealing act was passed, the appellee, Green, agreed to purchase one share of the stock of said association, and pay for the same the sum of one hundred dollars; but after the repeal he refused to comply with his agreement, upon the ground that the re-

peal had destroyed the corporation. And the suit in the court below was instituted by the appellant to recover said sum of one hundred dollars thus agreed to be paid. It seems that the court below gave judgment against the corporation, on the grounds that it had been dissolved by the repealing act, and could not maintain this suit, or upon the ground that the consideration of the promise had failed on account of the dissolution thus effected. I think in each of these positions the court erred.

The dissolution of a corporation in this State does not effect its right to sue and be sued until a lapse of five years after such dissolution, even when the dissolution is legal and effectual.—Revised Code, § 1775. Then the corporation had the right to sue and recover upon its contract, if it was a legal contract. There is no pretense that the agreement to purchase a share of the corporate stock was illegal when made. It was such a contract as the law of the incorporation authorized. The general assembly could not by any subsequent enactment defeat or impair this contract. This is now too well settled to need the recital of authorities. Both the State and the national constitution forbid it.—Const. Ala. 1867, Art. 1, § 24; Const. U. S., Art. 1, § 10, cl. 1; Paschall's Const. U. S., pp. 153, 155, 156, and case there cited. The corporation had done nothing to vitiate the contract of sale of one share of its stock, and there was no express or implied warranty against a repeal of the law creating the corporation. Its failure was, then, one of the risks that the purchaser of its stock took upon himself. He could not then be entitled to be released for this reason, when the corporation was not in fault. If the repeal was of any force, it was, in part, the act of the purchaser himself.

The act of the general assembly of this State, approved February 3, 1866, entitled "An act to incorporate the Tuskaloosa Scientific and Art Association, for the purpose of encouraging science and art, and to aid the University of the State in replacing its library and establishing a scientific musuem," creates a private corporation. The *first* section of the act very clearly shows this. Omitting the

enacting clause, it is in these words: "That Hampton S·
Whitfield and William H. Fowler, and their associates and
successors, be and they are hereby created a body corpor-
ate, by the name and style of the Tuskaloosa Scientific and
Art Association, for the purpose of the encouragement of
art and science in the distribution of works of art and to
aid the University of Alabama in replacing its library and
establishing a scientific museum."—Pamph. Acts 1865–66,
p. 269; *Broadbent v. Tuskaloosa Scientific and Art Associa-
tion,* 45 Ala. 170; 4 Whea, 668; 9 Whea. 907; 2 Bac. Abr.
*Corporations,* p. 437; Ang. & A. on Corp. 1; Kydd on Corp.
13; 1 Cowen, 670, 684. The Corporation thus established
was authorized to continue in force for twenty-five years
from the date of the passage of the act of its creation.
The *tenth* section of said act shows this, beyond all reason-
able doubt. It is in the following words, leaving out the
enacting clause: "That this act of incorporation shall con-
tinue and be in force for the space of twenty-five years
from the date of its passage, and that *all* laws and *parts* of
laws in conflict with its provisions be *pro tanto* repealed."
Pamph. Acts, *supra,* p. 272. This period does not expire
until the 4th day of February, 1891.—Revised Code, § 14.
Such a law as this enactment is usually called a *Charter.*
It is a *contract* between the State and the citizen, and its
stipulations can not be impaired by the State, or interfered
with, except for causes of forfeiture on account of abuse
of its powers.—Rev. Code, § 3079, *et seq.* If the State can
grant the charter· at the time it is made, it can not recall
its act by a repealing law, unless this is a power retained
at the time of the passage of the act, or by constitutional
provision, which, as the law of the contract of incorpora-
tion, enters into it when it is made. In the case of *The
Binghamton Bridge,* Mr. Justice DAVIS declaring the opin-
ion of the court, says: "We have supposed, if anything
was settled by an unbroken course of decision in the Fed-
eral and State courts, it was, that an act of incorporation
was a *contract* between the State and the stockholders. All
courts, at this day, are estopped from questioning this doc-
trine, The security of property rests upon it, and every

successful enterprise is undertaken, in the unshaken belief that it will never be forsaken. A departure from it *now* would involve dangers to society, that can not now be foreseen,—would shock the sense of justice of the country, unhinge its business interests, and weaken, if not destroy, that respect which has always been felt for the judicial department of the government. An attempt even to re-affirm it could only tend to lessen its force and obligation."—*The Binghamton Bridge,* 3 Wall. 51, 73; *Dartmouth College v. Woodward,* 4 Wheaton, 418; 18 How. 331; 1 Black. 436; 1 Wall. 117. It is true, that the law creating this incorporation was passed by the general assembly of the *provisional* government of this State, which was set up here after the failure of the rebellion. But such laws have been uniformly held valid by this court.—*Scruggs and Wife v. Mayor, &c. of Huntsville,* 45 Ala. 220; 45 Ala. 170, *supra.* The Revised Code was received and adopted by this government, and the salaries of all the chancellors and circuit judges of the State were fixed by the same authority, and also many corporations were created.—Pamph. Acts 1865–66, p. 58, No. 35; Pamph. Acts 1866–67, p. 718, No. 662. It would lead to very serious confusion, if not to amazing injustice, to withdraw all constitutional protection from the legislative enactments of this *provisional* government. Unless this is done, the attempted repeal of the charter of incorporation in this case is of no validity. It is unconstitutional and utterly void.—2 Dal. 308; 1 Cr. 137. This charter, *because it was a contract,* is an irrepealable law. It is protected from violation, both by the constitution of the State and the constitution of the Union.—Const. Ala. 1819, Art. 1, § 19; Code of Ala. p. 31; Const. U. S., Art. 1, § 10, cl. 1. The repealing act of March 9, 1871, was of no force; and it was error in the court below to allow it any validity whatever.

The majority of the court, however, confine their concurrence in this opinion strictly to the reversal, without approving or disapproving the intimation that the act of March 9, 1871, repealing the act of February 3, 1866, by

which the Tuskaloosa Scientic and Art Association was incorporated, is void.

The judgment of the court below is reversed, and the cause is remanded for a new trial.