[Tallassee Manufacturing Company v. Spigener.]

# Tallassee Manufacturing Company *v.* Spigener.

### *Bill in Equity to Enjoin Collection of Tax.*

1. *Injunction of illegal tax.* — A bill in equity, which seeks to enjoin the collection of an illegal tax, and which shows on its face that a portion of the tax assessed is legal, must also show that the legal tax has been fully paid, or it cannot be sustained.

2. *Exemption from taxation in favor of factories and machinery.* — The 16th clause of the 3d section of the revenue law of 1868 (Session Acts, 1868, p. 299), which exempts from taxation the buildings and machinery of certain factories, "during their erection, and for one year after they commence operations," does not apply to new machinery added to a factory already in operation, and new buildings erected for the accommodation of such new machinery.

3. *Supplemental bill.* — When the original bill is without equity, the defect cannot be remedied by supplemental bill.

APPEAL from the Chancery Court of Elmore.
Heard before the Hon. CHARLES TURNER.

P. T. SAYRE, for appellant. — 1. The Tallassee Manufacturing Company, Number One, had been in operation for several years when the Revenue Law of 1868 was passed, but had never been completed according to its original design; and it was engaged, at the very time that law was passed, in adding new machinery, and erecting new buildings for its accommodation, in furtherance of said original design. It then had in actual operation four thousand cotton-spindles and five hundred wool-spindles; and the additions consisted of fourteen thousand spindles. The company was clearly entitled to the benefits of the exemption allowed by that law: 1, Because it never had been completed according to the original plan and intention of its owners, and they were then engaged in carrying out that plan; and, 2, Because the additions so greatly in excess of the actual erection, would constitute a new factory within the meaning of the statute. The bill was filed in a two-fold aspect; first, to obtain relief against the entire tax assessed against the company; second, if that view was not sustained, to confine the tax to the old buildings and machinery. As a general rule, exemptions are to be strictly construed, being made for the benefit of individuals. But this rule of construction ought not to prevail when, as in this case, the exemption is manifestly intended to foster and encourage a particular branch of industry, in furtherance of a governmental policy. The evident intention and object of the law was to encourage manufacturing enterprises, and to stimulate investments in them. If the new machinery had all been erected in a new and distinct building, there could be no pretence that it would be taxable; yet, so far as the interest of the State was concerned, it could make no difference where the machinery was erected, — the cost to the proprietors and the benefit to the State were the same.

[Tallassee Manufacturing Company v. Spigener.]

2. The equity of the bill, and the jurisdiction of the Chancery Court to grant relief, are fully maintained by the following authorities: *Cleghorn* v. *Postlethwaite*, 43 Illinois, 428 ; *Bloom* v. *Burdick*, 1 Hill's N. Y. 141 ; *Lott* v. *Ross & Co.*, 38 Ala. 156. The cases of *Heywood* v. *City of Buffalo*, 14 N. Y. 534, and *Dow* v. *City of Chicago*, 4 Law Times, 107, equally sustain the equity of the bill, when considered in connection with the special facts averred.

3. The supplemental bill shows that the state auditor, acting under express authority conferred on him by the revenue law, has given instructions to the tax-collector of Elmore County, as to the property belonging to the complainant which should be taxed ; that the list of the property has been made out, as required by law, under oath, specifying the property and its value ; that the complainant has tendered these taxes to the collector, who refused to receive them, and that the money is brought into court.

WATTS & TROY, and HERBERT & MURPHEY, *contra.* — 1. The bill does not bring the complainant's case within the plain meaning and letter of the exemption contained in the Revenue Law of 1868. That exemption was evidently intended to apply only to new factories, and for the short period of one year, during which they were supposed to be unremunerative. Like all other exemption laws, this must be construed strictly.

2. The Constitution (Art. XIII. § 4) expressly declares that the property of corporations, whether then existing or afterwards created, " shall forever be subject to taxation as property of individuals, except corporations for educational and charitable purposes."

3. A court of equity will not interfere to prevent the collection of taxes, on such a case as is here presented. *Wilson* v. *Mayor of New York*, 4 E. D. Smith, 675 ; *Robinson* v. *Gaar*, 6 Cal. 273 ; *Minturn* v. *Hays*, 2 Cal. 590 ; *Lott* v. *Ross & Co.*, 38 Ala. 156 ; Hilliard on Injunctions, 385–87.

4. The supplemental bill cannot aid or supply the deficiencies of the original bill. *Laud & Wife* v. *Cowan*, 19 Ala. 297 ; *Hill* v. *Hill*, 10 Ala. 527.

PETERS, J. — The bill in this case is filed to enjoin the tax-collector of Elmore County, in this State, from collecting the State and county taxes assessed against the appellant in the said county for the years 1869 and 1870. The injunction was dissolved, and the bill was dismissed, on the hearing below. The appellant, who was the complainant below, brings the case to this court by appeal; and here it is insisted that the chancellor erred in refusing to permit a supplemental bill to be

filed in the progress of the cause in the court below, and in the final decree.

1. It has been held by courts of high authority in several states of the Union, that courts of chancery ought not, except upon the clearest grounds, to interfere with the speedy collection of the public taxes. *Dodd* v. *City of Hartford*, 25 Conn. 232; *Wilson* v. *Mayor*, 4 E. D. Smith, 675; *Berri* v. *Patch*, 12 Cal. 299; *Ins. Co.* v. *New York*, 33 Barb. 322; *Lockwood* v. *St. Louis*, 24 Mis. 20; *Dows* v. *Chicago*, 11 Wall. 108. In the cases which have occurred in our own court, the tax sought to be enjoined has been wholly illegal and unauthorized by law. It is upon this principle that the bills have been framed, and it is upon this they may be maintained. *Lott* v. *Ross & Co.* 38 Ala. 156; *Scruggs & Wife* v. *Mayor of Huntsville*, 45 Ala. 220; *Mayor, Aldermen, &c., of Mobile* v. *Dargan*, 45 Ala. 310. We do not feel willing to go beyond these authorities in such a case as this. This bill makes no distinction between the taxes properly assessed and such as are presumed to have been assessed without authority of law; and the collection of each class of taxes is sought to be enjoined. This is improper. That portion of the taxes legally assessed should have been paid before the interference of a court of equity should be allowed, otherwise the collection of the whole taxes of the State might be delayed by litigation which might involve but an insignificant portion of the sum justly due and liable to be collected. Such a use of the jurisdiction of the Court of Chancery is too perilous to be encouraged.

2. But does the bill make out such a case, that it is apparent that any portion of the taxes assessed against the appellant was an illegal tax, and not authorized by law; that is, that it is a tax levied on property of appellant not subject to taxation? It is contended that it does, and that a portion, at least, of the property assessed, was exempt from taxation at the time this tax was levied. This depends upon the construction of the Revenue Law of this State, entitled, "An Act to establish Revenue Laws for the State of Alabama," approved December 31, 1868. Pamphlet Acts, 1868, p. 297, No. 1. Under the title, "Exemptions," the third section of this Act declares "that the following persons and property shall be exempt from taxation;" and clause 16 declares, "the buildings and machinery of iron furnaces, founderies, rolling mills, machine shops, nail and axe factories, paper mills, glass works, stove and earthenware factories, tanneries, and manufactories of leathern goods, and cotton, woollen and silk factories, shall be exempt *during* their erection, and for one year *after they commence operations.*" This statute exempts from taxation the "buildings and machinery" of "cotton and woollen factories," "*during* their erection, and for one year *after* they com-

OF ALABAMA. 265

mence operations." The language of this act very clearly allows a construction which would favor *new* factories, the buildings of which were not erected, and which *had not commenced operations*, with the benefit of the exemption. Did the General Assembly intend to go further? I think not. The purpose of the law was to *aid* the manufactories referred to to make a beginning, not to aid them after they had been in operation for a number of years. The latter is the case made in this bill. The factory, in this case, had been in successful operation for a number of years, and the machinery sought to be exempted was new machinery added to the old machinery, and the buildings erected were for the accommodation of this new machinery. The exemption of such additions goes beyond both the language and the policy of the act. And the learned chancellor did not err in refusing to allow the exemption, as claimed in the bill.

3. There was no error in the refusal to allow the filing of the supplemental bill. The original bill and amendment was without equity. When this is the case, the complainant is not entitled to relief. The supplemental bill cannot, then, cure the defect. *Laud & Wife* v. *Cowan*, 19 Ala. 297.

The judgment of the court below is affirmed, with costs.