WHITFIELD CHALK v. S. H. DARDEN, COMPTROLLER, &c.

1. MANDAMUS—HEADS OF DEPARTMENTS.—The District Court has no power over the Comptroller in the discharge of the duty imposed on him, as one of the heads of departments, under the Constitution.

2. PENSIONS—REPEAL OF LAW.—It is competent for the Legislature to repeal a pension law. Such repeal is not retroactive or retrospective legislation; it however has the effect of revoking the grant of pension as to all claims save where an interest had been perfected in the claimant.

3. REPEAL OF PENSION LAW.—The absolute repeal of such law left unfinished applications without any tribunal to pass upon them.

APPEAL from Travis. Tried below before the Hon. E. B. Turner.

September 19, 1876, Whitfield Chalk brought suit in the Travis District Court against S. H. Darden, Comptroller of the State of Texas, asking for a writ of peremptory *mandamus*, to compel that officer to issue to plaintiff a pension certificate as a Mier prisoner, under an act granting pensions to the Santa Fe and Mier prisoners, &c., approved April 21, 1874.

The petition set out plaintiff's application for a pension made to the comptroller on January 25, 1871, asking a pension under the act of August 13, 1870, granting pensions to Texas veterans. The affidavits showed that Chalk was a member of Pearson's company, and was in the battle on the 25th, and was surrendered at Mier, but escaped the following night.

By amended petition, a copy of the discharge of Chalk from that service, and of his pay account, from the comptroller's office, were made exhibits.

It was alleged that the comptroller refused to issue the pension certificate upon this application.

The defendant excepted to the petition, (1) because the District Court has no authority to direct his action in this behalf, in the discharge of his official duty; (2) because his judgment upon the application being exercised on the application in refusing it, was exhausted, and his decision was final, subject to no appeal or revision; and (3) because the law under which the application was made has been repealed.

In answer, defendant denied that Chalk was a "Mier prisoner," as contemplated in the act granting pensions; insisted that by the repeal of the act granting pensions, his power to act upon the applications pending at its repeal was taken away.

On the trial, the facts alleged in the petition were established by the testimony. The court overruled the various exceptions, but rendered judgment refusing the *mandamus.* From this judgment Chalk appealed.

*John Dowell,* for appellant.

*H. H. Boone, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—We are of opinion that the writ of mandamus was properly refused—

1. Because the court had no power over the comptroller in the discharge of the duty imposed on him, as one of the heads of department, under the Constitution.

2. Because, if the appellant was a Mier prisoner within the meaning of the act of April 21, 1874, he had no vested right in the bounty of the State; but it was competent for the same authority which proposed to give, "to revoke before any interest was perfected in the donee." The repeal of the law was not retroactive or retrospective legislation. (De

Cordova *v.* City of Galveston, 4 Tex., 479; Dale *v.* Governor, 3 Stew., (Ala.,) 387; Butler *v.* Palmer, 1 Hill, 329; Cooley's Const. Lim., 383; Hamilton *v.* Flynn, 21 Tex., 715.)

The law authorizing the pension having been repealed, the comptroller was left without authority to act, and the writ of *mandamus* was properly refused.

The judgment is affirmed.

AFFIRMED.