## COMM'RS OF JEFFERSON COUNTY v. CYRENUS HUDSON.

1. BOUNTIES; HEDGE FENCES; *Vested Rights; Act of 1867.* Section 2 of the act to encourage the growing of hedges, etc., approved 20th February 1867, was a statute providing merely for *giving bounties* for the encouragement of the growing and building of certain fences therein named, and no person could have such a vested right in such statute as to prevent its repeal. A person might have a vested right in a bounty already earned, or accrued, under such statute; but he could not have a vested right in anything further.

2. ———— *Amendment, and Repeal of Statute.* Said section 2 was amended by an act approved 2d March 1871, and taking effect March 23d 1871.

The amendment was made by reënacting the whole section and incorporating the amendment therein. This new and amended section took the place of the original section, and the original section was, by virtue of section 16 of article 2 of the constitution, repealed.

## Error from Jefferson District Court.

HUDSON had judgment at the November Term 1875 of the district court, and the *Board of County Commissioners* brings the case here for review. The subjoined opinion contains a full statement of all necessary facts.

*W. F. Gilluly*, and *Peck, Ryan & Johnson*, for plaintiff in error, that upon the agreed statement of facts Hudson was not entitled to recover, cited, 1 Pars. Contr. 6; 4 Wheaton, 197; 2 Bl. Com. 446; 2 Leon, 224; Cooley Const. Lim. 275; 9 Kas. 171.

*J. C. Foster*, and *J. H. Bennett*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On 20th February 1867, the legislature of Kansas passed an act providing among other things, "that any person planting an Osage orange or hawthorn fence, * * * and successfully growing and cultivating the same, * * * shall receive an annual bounty of two dollars for every forty rods so planted and cultivated, * * * the bounty to commence as soon as said fence will entirely resist cattle, and continue for eight years thereafter. * * * This section shall apply to all hedges already planted, but not yet come to maturity sufficient to turn stock, as well as to those hereafter planted." (Laws of 1867, page 99, § 2; Gen. Stat. 495, § 2.) On the 2d of March 1871, the legislature passed another act providing, "That section 2 of the above-named act (published as part of chapter 40 of the general statutes of 1868,) be so amended as to read as follows." Then follows section 2, reënacted in full, and providing substantially the same as the above-quoted section, except at the end of the amended section there are two provisos, the first of which

reads as follows: "*Provided,* that such bounty shall not be allowed in any county until the question has been decided by a vote of the people whether they desire such bounty or not." The second proviso merely designates how the election shall be held to determine the question whether bounties shall be given for growing Osage orange and hawthorn fences, or not. (See Laws of 1871, pages 211, 212.)

On 3d August 1875, Cyrenus Hudson, (plaintiff below and defendant in error,) presented to the board of county commissioners of Jefferson county his written claim in words and figures as follows:

"STATE OF KANSAS, JEFFERSON COUNTY, Aug. 3, 1875. *Jefferson County, to Cyrenus Hudson, Dr.:*

"1875: Aug. 3d, for bounty on hedge for 1872, . . $35.00
　　　　"　"　"　"　"　"　"　1873, . . 35.00
　　　　"　"　"　"　"　"　"　1874, . . 35.00
　　　　　　"Total, . . . . . . . . . . . . . $105.00."

The county board examined this claim, and refused to allow it. Hudson then appealed to the district court, where the case was tried before the court without a jury, on the following agreed statement of facts, to-wit:

1.–The plaintiff had planted on his farm in Jefferson county, state of Kansas, 700 rods of hedge fence, and had successfully grown and cultivated the same. On the 1st day of March 1870 it entirely resisted cattle, and has been since that time kept up and in good repair, and during all that time until now has successfully resisted stock.

2.–The township assessor for the year 1870 adjudged the merits of said fence, and pronounced it sufficient, and entered on his tax-roll a minute of the same opposite the description of the land on which the fence was planted.

3.–The township assessor for the years 1871, 1872, 1873, and 1874 respectively, each adjudged the merits of such fence, and pronounced it sufficient, and entered the necessary minute on the tax-roll for the proper year.

4.–On the 3d of January 1871, the plaintiff Hudson presented to the board of county commissioners a claim in writing in substantially the same form as the one on which this action is founded, it being for the sum of $35 for the bounty for the year 1870 on hedges under section 2 of an act entitled "An act

6—20 KAS.

to encourage the growing of hedges and the building of stone fences," approved Feb. 20, 1867. The board being satisfied that the provisions of said section had been complied with, issued a warrant for the amount claimed, which warrant was duly presented to the county treasurer, and by him paid. In like manner, Hudson, on the 5th of December 1871, obtained and received $35 as the bounty for that year. At a regular and legal meeting of said board held in December 1872, Mr. Hudson presented a like claim for the bounty for that year, but on an informal consultation with the members of the board they told Hudson that the claim would be rejected if he presented it. It was not pressed, nor was there any record made of the action of the board at that time. No further proceedings were had until August 3d 1875, when the claim on which this action is founded was by him presented to the board, and by the board duly rejected.

Upon this agreed statement of facts, the court found the following conclusions of law:

1st.—The plaintiff is not entitled to recover upon the first item of his account as presented to the board of county commissioners.

2d.—The plaintiff is entitled to recover from the defendant the sum of seventy dollars, and that amount is due him from said defendant upon the second and third items of his account as presented to the board of county commissioners.

The court rendered judgment, that the plaintiff have and recover of and from the defendant the sum of seventy dollars and his costs in said action. A motion for a new trial was made and overruled, and the county now brings the case to this court.

It will be perceived that there was no showing before the county board, nor even in the district court, that the plaintiff had ever planted or cultivated any "*Osage orange,* or *hawthorn* fence." Nor is it shown of what material his hedge was composed. Nor is it shown when he planted such hedge, whether before or after the passage of the act of 20th February 1867. If before, and if not in pursuance of such act, then of course he cannot claim that the passage of the act, and the planting of the hedge, must be taken together as constituting a contract which could not be impaired by sub-

sequent legislation. And possibly the words, "around any field," found in said act of 20th February 1867, (and which we have not heretofore quoted,) may apply to the "Osage orange" and "hawthorn" fences there mentioned; and if so, then the plaintiff has failed in another respect to show that he is within the act, for he has failed to show that his hedge was "around any field." Although the board was once satisfied that the plaintiff was within the act, yet it does not appear that he offered any better evidence then than now. There is no pretense that the people of Jefferson county ever voted to give bounties, as provided in section 2 of said act as it was amended in 1871. And therefore the plaintiff must claim under said section 2 as it originally stood, or not at all. But he certainly cannot claim under section 2 as it originally stood. At no time was that section anything more than a mere bounty act, a statute providing merely for the giving of bounties as an encouragement to those who would grow or erect the kinds of fences therein mentioned. It does not purport to be anything else. And the whole act shows that it was intended to be only such. Now no one can have a vested right in a mere bounty act, so as to prevent its repeal. He may have a vested right in the bounty already earned or accrued under such act. But he cannot have a vested right in anything further. (*East Saginaw Manuf. Co. v. Saginaw,* 19 Mich. 259; *Salt Co. v. East Saginaw,* 13 Wallace, 373.) In the present case, the plaintiff received his bounties up to 1872, and yet the only section of law under which he could claim a bounty was repealed in 1871. He claimed bounties in this case for the years 1872, 1873, and 1874, and yet original section 2 of the act of 1867, under which he claimed, was repealed March 23d 1871, by the act of 2d March 1871. That is, the amended section 2 of the act of 1871 takes the place of the original section 2 of the act of 1867, and the original section 2 is, by virtue of section 16 of article 2 of the constitution, repealed. Therefore the plaintiff is not entitled to the bounties claimed in this case under such original section. And as we have before stated, there is no pre-

tense that the plaintiff is entitled to said bounties under the amended section, or under any other section of the statutes.

The judgment of the court below will therefore be reversed, and cause remanded with the order that judgment be rendered in favor of the defendant on the agreed statement of facts.

All the Justices concurring.