# State of Alabama *r.* Alabama Bible Society.

## *Petition to vacate Tax Assessment.*

1. *Constitutional law; constitution of 1819; exemption from tax-ation.*—Under the constitution of 1819, which was in force in 1854, a clause in an act of incorporation, exempting a private corporation from taxation, was not repugnant to the constitution.

2. *Same; charter of corporation; impairment of obligation of con-tracts.*—The chartering act of February 17th, 1854, exempting the property of the "Alabama Bible Society" from taxation, constituted a contract, from the acceptance of which a consideration for the exemption is presumed, and the obligation of said contract can not be impaired by later State constitutions, under section 10, Art. I of the Federal constitution.

APPEAL from the Montgomery City Court.

Heard before the Hon. A. D. SAYRE.

The tax collector of Montgomery county assessed against the Alabama Bible Society, a corporation, certain real estate in the city of Montgomery, for escaped taxes for the years 1896-1900. A petition was filed by the Bible Society with the board of revenue, praying that said assessment be set aside and vacated, which petition was denied. On appeal to the city court of Montgomery that court granted the petition and quashed the assessment. From this decree the appeal is prosecuted. The Alabama Bible Society relies upon the provisions of its act of incorporation, of February 17, 1854, (Acts, 1853-4, p. 317) to show that their property is exempt from taxation.

JOHN G. FINLEY, for appellant, cited Cooley on Taxa-tion, 54; *Dale v. Gardner*, 38 Tew. 387; *Christ Church v. County*, 24 Howard 300; *Salt Company v. East Sag-inaw,* 13 Wall. 373; Constitution 1868, Art. XIII, Sec.

[State of Alabama v. Alabama Bible Society.]

4; Constitution 1875, Art. IV, § 52, Art. XI, § 6; Black on Interp. of Laws, 118; *First M. E. Church v. Chicago*, 26 Ill. 482; *Orr v. Baker*, 4 Ind. 86; *South Con. Meetinghouse*, 1 Met. (Mass.) 538; *Presbyterian Church v. Montgomery County*, 1 Pa. 245; *Appeal Tax v. St. Per's Acy*, 5 Met. 345.

HOLLOWAY & HOLLOWAY, *contra.*—(1.) The Alabama Bible Society is a charitable institution and is exempt from taxation under the general laws.—Code, § 3907; Constitution 1875, Art. IV, § 52, Art. XI, § 6. (2) The charter of said society constitutes a contract, the obligations of which cannot be impaired.—*Dartmouth College Case*, 4 Wheaton 518; *Stone v. Miss.*, 101 U. S. 816; *People v. O'Brien*, 111 N. Y. 49; *Davis v. Gray*, 16 Wall. 232; *Dart v. Houston*, 22 Ga. 529; *Mobile v. Stonewall Ins. Co.*, 53 Ala. 577; 143 N. Y. 609; *Daughdrill v. Ala. Life Ins. Co.*, 31 Ala. 91; *Piqua Branch v. Knoop*, 16 How. 382; *Dodge v. Woolsey*, 18 How. 378; *Farrington v. Tennessee*, 95 U. S. 683; *State v. Bank*, 95 Tenn. 226; *Matheny v. Golden*, 5 Ohio St. 385; *Appeal Tax Court v. Patterson*, 50 Md. 372; *Union Bank v. State*, 9 Yerg. 494; *Worth v. R. R. Co.*, 89 N. C. 300; *Seymour v. Hartford*, 21 Conn. 486; *State v. Douglass*, 34 N. J. L. 85; *Franklin Co. Court v. Deposit Bank*, 87 Ky. 381; *Home, etc., v. Rowe*, 8 Wall. 437; *People v. Soldiers' Home*, 95 Ill. 568; *Asylum v. New Orleans*, 105 U. S. 362; *Grand Lodge v. New Orleans*, 166 U. S. 143. (3.) The right to tax is a limitation and not a grant of power.—*Dorman v. State*, 34 Ala. 216; *Irwin v. Mobile*, 57 Ala. 6; *Elyton Land Co. v. Mayor*, 89 Ala. 477; *Mayor, etc., v. Stonewall Ins. Co.*, 53 Ala. 570; Ala. Const., 1819, Art. VI, § 8.

SHARPE, J.—An act of the general assembly, approved February 17, 1854, incorporated the appellee and provided among other things that it should have the power to hold real and personal property and "that the property of the said 'Alabama Bible Society of Montgomery' shall be exempt from taxation." Pursuant to the act the appellee corporation was organized,

entered upon the exercise of its corporate functions and is continuing in the exercise of the same. In January, 1901, its real estate situated in Montgomery was as- sessed as for taxes accruing for the years from 1896 to 1900, inclusive. Appellee petitioned the Board of Revenue to vacate the assessment and the petition hav- ing been refused the city court of Montgomery was ap- pealed to and quashed the assessment by a judgment, wherefrom this appeal was taken.

In the brief for appellant it is conceded correctly that the exempting clause in question was not obnoxious to the constitution of 1819 which was in force when the act was passed and was originally valid, but it is insisted that this clause was repealed by later constitutional pro- visions which purport to limit exemptions from taxes to property classified by uses different from the uses made of appellee's property, or else was repealed with- out special mention by statutes passed pursuant to the later organic law.

The constitution of 1819, unlike the constitutions of 1868, 1875 and 1901, respectively, did not engraft on acts chartering private corporations liability to alter- ation and revocation by the legislature for the public good. The grant of appellee's charter and its accept- ance was unqualified, and effected a contract between the State and the appellee such as came within the meaning of that part of section 10, article I of the Fed- eral constitution which prohibits the State to pass any law impairing the obligation of contracts. The doctrine so controlling is too well established and familiar to re- quire an extended citation of authorities here. See the leading case of *Dartmouth College v. Woodward*, 4 Wheat. (U. S.) 518; also *The Binghampton Bridge*, 3 Wall. 51; *Home of the Friendless v. Rouse*, 8 Wall. 431; *St. Anna's Asylum v. New Orleans*, 105 U. S. 362; *Daughdrill v. Ins. Co.*, 31 Ala. 91; *Tuscaloosa, etc., Asso. v. Green*, 48 Ala. 346; *Ala. & Fla. R. Co. v. Burk- ett*, 46 Ala. 569.

In Cooley's Constitutional Limitations it is well said of charters of private corporations generally that they "are held to be contracts between the legislature and

[State of Alabama v. Alabama Bible Society.]

the corporators, having for their consideration the liabilities and duties which the corporators assume by accepting them; and the grant of the franchise can no more be resumed by the legislature, or its benefits diminished or impaired without the consent of the grantees, than any other grant of property, or valuable thing unless the right to do so is reserved in the charter itself." This quotation was used approvingly in *Mayor, etc., v. Ins. Co.*, 53 Ala. 570.

The contractual element of consideration for the exemption was supplied when the charter was accepted and acted under. Acceptance of the charter being shown the existence of a consideration for the exemption is presumed and it is unnecessary to inquire whether the passage of the act was induced by any actual benefit received by or expected to accrue to the State.—*Daughdrill Case, supra; Home of the Friendless v. Rouse, supra,* and authorities there cited.

In *Rector v. Philadelphia County,* cited for appellant, the act which was held to be repealable because lacking consideration and belonging to the class of laws denominated *privilegia favorabilia,* was not an act of incorporation, nor was the act which was similarly dealt with in *Salt Company v. East Saginaw,* 13 Wall. 373, of the latter kind. Those cases are, therefore, not applicable as authority here.

The restrictions imposed by the Federal constitution upon the State are as rigidly binding upon those who frame State constitutions as upon State legislatures. *Ala. & Fla. R. Co. v. Burkett, supra; Hare v. Kennerly,* 83 Ala. 608. The exemption declared in appellee's charter stands unaffected by subsequent legislation whether enacted by constitution or statute.

The judgment of the city court will be affirmed.