(No. 2896. Jan. 22, 1924.)

# HAYNER v. BOARD OF COM'RS OF DONA ANA COUNTY.

### SYLLABUS BY THE COURT.

Section 1, c. 52 Laws 1923, which repeals sections 1330 and 1333, Code 1915, held to be inoperative, in so far as the rights of persons are concerned who had already earned the bounty provided for in these sections, prior to the passage of said chapter 52.

Appeal from District Court, Dona Ana County; Ed Mechem, Judge.

Mandamus by Frank M. Hayner against the Board of County Commissioners of Dona Ana County. From a judgment for plaintiff, defendant appeals. Affirmed.

J. Benson Newell, of Alamogordo, for appellant.

Holt & Sutherland, of Las Cruces, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. This is an action in mandamus brought by the appellee against the appellants to compel them to make a levy in Dona Ana county of a tax for the purpose of paying wild animal bounties, as is provided for by sections 1330 to 1333, Code 1915. The appellee was the owner of receipts duly issued under the provisions of the statute above mentioned in the amount of $1,619, and there were receipts outstanding in the hands of other owners and holders in the amount of $10,408, in behalf of whom, as well as himself, the appellee brought this proceeding. The appellants failed, neglected, and refused to make a levy under the provisions of the above-mentioned statute for the purpose of accumulating a wild animal bounty fund, out of which to pay the amounts due all owners and holders of such receipts, and there was not sufficient moneys in that fund to pay the same.

The petition for the alternative writ recited these and other facts, and thereupon an alternative writ was

issued. At the return day, the appellants answered admitting all of the material allegations of the alternative writ, but they averred that the act under which they were authorized to levy the tax had been repealed by chapter 52, Laws 1923, and alleged that by reason of such repeal there was no authority to make the levy mentioned.

It is apparent that the question involved is a very narrow one. The Legislature through the sections of the Code above mentioned had offered to pay to every one a certain bounty upon specified wild animals. The animals had been killed, and evidence thereof had been presented to the county clerk of the county as provided by the statute, and certificates of indebtedness had been issued to various persons, to the right of whom the appellee had succeeded, and others similarly situated held such certificates. The offering of this reward and the performance by the various people of the conditions' mentioned in the statute constituted a contract between the county of Dona Ana and the respective persons concerned. Thereby vested rights arose between the parties and the county. To allow the repeal of the statute under which these rights became vested to operate to destroy the right would be to impair the obligation of the contract between the parties, and would be violative of the Constitution of the United States (article 1, § 10, cl. 1) as well as section 19 of article 2 of the state Constitution. That such a right may not be taken away by legislation, see 12 C. J. Constitutional Law, § 620; Smith v. Auditor-Gen., 80 Mich 205, 45 N. W. 136 (bounty to soldiers); Bickerdike v. State, 144 Cal. 681, 78 Pac. 270 (wild animal bounty); Chalk v. Darden, 47 Tex. 438; Commissioners v. Hudson, 20 Kan. 71; East Saginaw Mfg. Co. v. Saginaw, 19 Mich, 259. 259, 2 Am. Rep. 82; Salt Co. v. East Saginaw, 13 Wall. 373, 20 L. Ed. 611; Calder v. Henderson, 54 Fed.. 802, 4 C. C. A. 584; Ingram v. Colgan, 106 Cal. 113, 38 Pac. 437, 28 L. R. A. 187, 46 Am. St. Rep. 221; Kavanagh v. Board Police Commissioners, 134 Cal. 50, 66 Pac. 36; Cooley's Const. Lim. (7th Ed.) 547.

Of course, it would be competent to provide other modes of payment of bounties already earned, but no such provision has been made under chapter 52, Laws 1923, above mentioned, that act speaking only prospectively.  Likewise there is no vested right to have the statute continued in force so as to provide bounties for animals killed in the future, but the bounty already earned must be held to be secured against legislative invasion.

It follows from the foregoing that the repealing section of chapter 52, Laws 1923, cannot be allowed to operate ot defeat rights already vested in persons who had performed the conditions mentioned in the statute.

From all of the foregoing, it appears that the judgment of the district court awarding a peremptory mandamus was correct and should be affirmed, and it is so ordered. ,

BRATTON and BOTTS, JJ., concur.