# SOUTHWESTERN RAILROAD COMPANY *v.* WRIGHT.

## SAME *v.* GEORGIA.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

Argued December 16, 1885.—Dec'ded January 4, 1886.

The Southwestern Railroad Company of Georgia as to those parts of its road
which extend from Americus to Albany ; from Albany to Arlington ; and
from Cuthbert to Eufaula, is subject to the general laws of the State for
the taxation of railroads, without regard to the exemption in its original
charter.

It is again decided that the surrender of the power to tax, when claimed, must
be shown by clear and unambiguous language, admitting of no reasonable
construction consistent with the reservation of the power.

These were suits in equity to restrain the collection of taxes.
The facts are stated in the opinion of the court.

*Mr. Richard F. Lyon* and *Mr. A. R. Lawton* for plaintiff
in error.

*Mr. Samuel Barnett* and *Mr. Clifford Anderson* for defend-
ants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
These suits relate to the liability of the Southwestern Rail-
road Company, a Georgia corporation, for taxes on different
parts of its railroad, and the Federal question involved arises

under a claim of a charter contract of exemption from all tax-
ation beyond "a tax of one-half of one per cent. upon its an-
nual net income." The company owns and operates, 1, a road
from Macon through Fort Valley, Americus, Smithville, and
Cuthbert to Fort Gaines; 2, a road from Smithville to Albany;
3, a road from Albany to Arlington; 4, a road from Cuthbert
to Eufaula; and, 5, a road from Fort Valley to Columbus. The
line of all these roads is shown on the following plat:

The road from Macon to Americus and from Smithville to
Fort Gaines was built under the original charter of the com-
pany granted December 14, 1845. Section 14 of this charter
is as follows:

"§ 14. That the said railway and its appurtenances, and all
property therewith connected, shall not be subject to be taxed

higher than one-half of one per cent. upon its annual net income."

From Americus through Smithville to Albany the building was done by the Georgia and Florida Railroad Company, under a charter granted January 22, 1852. Section 2 of this charter is as follows:

"That the Georgia and Florida Railroad Company may, at any time, incorporate their stock with the stock of any other company, on such terms as may be mutually agreed upon by such companies: *Provided,* that the road and other property of this company shall be subject to such taxation as the legislature may deem equitable and just."

After this part of the road was finished the Georgia and Florida Company agreed with the Southwestern Company to consolidate its stock with that of the Southwestern, and thereupon it delivered its road, then running from Americus to Albany, into the possession of the Southwestern Company. This having been done, the general assembly of Georgia, on the 19th of December, 1859, passed an act which recited what had been done, and then enacted:

"Section 2. Be it further enacted, That the said railroad from Americus to Albany, shall be considered part and parcel of the road of the Southwestern Railroad Company, and be liable to pay the State the same tax that the rest of the Southwestern Railroad Company is liable to pay; and such additional tax as the legislature may hereafter impose."

The Southwestern Company now holds this part of its road under this transfer.

The road from Albany to Arlington was built under an act of the general assembly passed December 18, 1860, as follows:

"An Act to amend the several acts of the general assembly relating to the Southwestern Railroad Company, and to authorize the said company to construct a branch railroad, and for other purposes."

"Section 1. Be it enacted, etc., That the Southwestern Railroad Company, of this State, are hereby authorized to construct a branch railroad from Albany, or Dawson, or any point west

of Dawson, on their line of road, to such place on the Chatta-hoochee River, or on the Florida line, as the said company may select, and that said company shall have for these purposes all the rights, privileges, and powers conferred by their char-ter of incorporation and the act amendatory thereof.

"Section 2. Be it further enacted, etc., That said company are hereby empowered and authorized to increase their capital stock $1,000,000.00, and said additional stock shall be subject and liable to pay the same rates of tax to the State of Georgia that is now required of the said Southwestern Railroad Com-pany, and such additional tax as the legislature may hereafter impose."

The road from Cuthbert to Eufaula was built under the fol-lowing act, passed February 23, 1850:

"An Act to amend an act entitled ' An act to incorporate the Southwestern Railroad Company, with power to extend branches to Albany, in the county of Baker, and Fort Gaines, in the county of Early, and to points below those places on the Chattahoochee and Flint Rivers, and to pun-ish those who may wilfully injure the same, assented to December 27th, 1845, and for other purposes.'

"Section 1. Be it enacted by the Senate and House of Rep-resentatives of the State of Georgia, in general assembly met, and it is hereby enacted by the authority of the same, That from and after the passage of this act said railroad company shall have power and authority to construct a branch of said road from some point on said road to any point on the Chat-tahoochee River, below the town of Florence, in the county of Stewart, which said company may deem most advisable and proper, under the rules and restrictions as they are now author-ized to construct said Southwestern Railroad: *Provided*, That if said company do not build the main trunk of said road to or below Fort Gaines within two years from the time that the same is completed to the point at which the said branch road, if commenced, may intersect, then said company shall be liable to refund to the stockholders, now residing in Early and Ran-

dolph Counties, or their assigns, the amount of stock held by them, with interest from the time the same was paid."

The road from Fort Valley to Columbus was built by the Muscogee Railroad Company, under a charter granted December 27, 1845, which contained a clause upon the subject of taxation, substantially like § 14 of the charter of the Southwestern Company. The two companies were afterwards consolidated, and, when the case in which the State of Georgia appears as defendant in error was before this court on a former writ of error, it was decided that this road and that part of the road of the Southwestern Company which was built under the original charter, were exempt from taxation beyond one-half of one per cent. upon their annual net income. *Southwestern Railroad Co.* v. *Georgia*, 92 U. S. 676.

The Supreme Court of the State has decided in both these cases that the roads from Americus to Albany, from Albany to Arlington, and from Cuthbert to Eufaula were subject to the general laws of the State for the taxation of railroads, without regard to the exemption in the original charter of the company. To reverse judgments to this effect these writs of error were brought.

There is no question now as to the exemption from general taxation of that part of the road built under the original charter. That we have already decided, and there is no dispute about it now. The language of the exempting clause is somewhat unusual. It is not that the company or its stock shall be taxed in a certain way and otherwise exempt, but that the "said railway and its appurtenances, and all property therewith connected, shall not be subject to be taxed higher," &c. This clearly means the railroad specified in the charter, and none other. Possibly, if the company had acquired the road between Americus and Smithville from the Florida & Georgia Company without any special limitation by the State upon the exemption of its own charter, that part of the Florida & Georgia road might have been brought under the exemption. But this was not done, for the State, while recognizing the transfer of the Florida and Georgia road, was careful to provide that the road should be liable to pay not only the

same tax as the rest of the road of the Southwestern Railroad Company, "but such additional tax as the legislature may hereafter impose." This is nothing less than an express reservation of power by the State to tax the part of the Southwestern Company's road between Americus and Albany as other railroads in the State are taxed when there is no charter exemption.

The same is true of the road between Albany and Arlington, for the power to build that line is coupled with a reservation of the right to tax. Such is evidently the meaning of § 2 of the act authorizing its construction.

The language of the authority to build the road from Cuthbert to Eufaula is somewhat different. There nothing is said about taxation; but that the original charter of the company did not give the right to build this part of the road is shown by the fact that this amendment was deemed necessary. In building this extension or branch the company was placed "under the rules and restrictions" they were subjected to in building the original road; but that did not necessarily imply an exemption of this line from taxation to the same extent the old road was exempted. That exemption was only for that road, and as the amending act does not in terms or by fair implication apply the exemption to the additional road which was to be built under it, we must presume that nothing of the kind was intended, and that the State was left free to tax that road like other property. No rule is better settled than that a contract of exemption from taxation is never to be presumed. A surrender of the power to tax when claimed "must be shown by clear and unambiguous language which will admit of no reasonable construction consistent with the reservation of the power." *The Delaware Railroad Tax Case*, 18 Wall. 206.

This disposes of all the Federal questions in the two cases, and as they were rightly decided in the court below, it follows that the judgments must be affirmed without an examination of the other errors assigned, which involve questions of State law only. *Murdock* v. *City of Memphis*, 20 Wall. 590. If the roads are not exempt under their charters from the operation of the general laws of the State for the taxation of railroads, the errors, if any, of the court below in fixing the value

and ascertaining the amount of tax under the law are not reviewable here. No complaint is made of the law itself, if it applies to this company, so far as the disputed portions of its road are concerned. The administration of the law by the officers or the courts of the State involves no questions of which we can take jurisdiction. The law being valid, the courts of the State have exclusive jurisdiction, appellate or otherwise, of all cases brought before them involving proceedings for its enforcement.

*The judgment in each of the cases is affirmed.*