THE STATE BOARD OF ASSESSORS, PLAINTIFF IN ERROR, v. THE PATERSON AND RAMAPO RAILROAD COMPANY, DEFENDANT IN ERROR.

1. The tenth section of the "act to establish just rules for the taxation of railroad corporations" (*Pamph. L.* 1873, *p.* 112), authorizing the surrender of all claims of exemption from taxation, and the acceptance of the provisions of that act in lieu thereof, does not extend to corporations that have repealable charters on the subject of their taxation.

2. Neither the charter of the Paterson and Ramapo R. R. Co., nor its supplements impose special conditions upon that corporation that can operate as a consideration for a contract between it and the state upon the subject of taxation. By the provisions that the charter and its

supplements may be altered, amended and modified, the legislature has expressed an intention not to deal irrevocably on that subject; the company, therefore, has no substantial claim of exemption to surrender, and is not among the corporations contemplated by the tenth section of the act of 1873.

On error to the Supreme Court.

For the plaintiff in error, *John P. Stockton, Attorney-General,* and *Barker Gummere.*

For the defendant in error, *John Hopper* and *Joseph D. Bedle.*

The opinion of the court was delivered by

THE CHANCELLOR.    The tax assessment in question was made against the franchises and property of the Paterson and Ramapo Railroad Company, under the provisions of the act for the taxation of railroad and canal property, approved April 10th, 1884.    *Pamph. L., p.* 142.

The judgment of the Supreme Court set the assessment aside and declared it to be void in consequence of the opinion of that court in the case of *Central Railroad Co.* v. *State Board of Assessors,* 19 *Vroom* 1, upon the constitutionality of the act under which the assessment was laid.    Subsequently, by the judgment of this court, in that case upon error, the constitutionality and validity of the tax was maintained.    19 *Vroom* 146.

The defendant in error now claims that it has an irrepealable contract with the state, which limits the power to tax it by the provisions of the act to establish just rules for the taxation of railroad corporations, and to induce their acceptance and uniform adoption, approved April 2d, 1873.

The Paterson and Ramapo Railroad Company was incorporated by an act of the legislature of this state, passed March 10th, 1841 (*Pamph. L., p.* 97), and by the twenty-second section of that act was subjected to a tax of five cents for every passenger, and eight cents for every ton of freight, transported "on" its road.    The act provided that no other state tax

should be levied or assessed on said company, and also that it should be lawful for the legistature, at any time thereafter, to alter, amend or modify the act whenever, in its opinion, the public good might require it.

A supplement to this charter was passed on February 28th, 1844 (*Pamph. L., p.* 136), which provided that the payments to the state for passengers and freight transported, should be construed to be for passengers and freight transported "over" the road, "and that the exemption from taxation should be construed to extend only to taxes for the· use of the state, anything in said act to the contrary notwithstanding."

Another supplement to the charter was approved April 1st, 1845, which provided for a tax of one-half of one per cent. upon the capital stock expended, until the net earnings of the road should amount, annually, to six per centum on the cost thereof, and from that time a tax of one per centum, and that such tax should be received and taken in full discharge and satisfaction "of the transit duties of five cents a passenger, and eight cents a ton provided for in the twenty-second section of their act of incorporation," and that the legislature might, at any time thereafter, alter, modify or repeal that supplement.

By an act of the legislature, approved April 2d, 1873 (*Pamph. L., p.* 112), which was entitled "An act to establish just rules for the taxation of railroad corporations, and to induce their acceptance and uniform adoption," a state tax was imposed upon all railroad corporations after the rate of taxation which was theretofore imposed by law upon them respectively, or in default of such imposition, one-half of one per centum upon the cost of their respective roads, equipments and appendages, and also an annual county and municipal tax of one per centum upon their realty outside of the main stem of the road. The tenth section of that act provided that whereas certain railroad corporations, then owning and occupying railroads in the state, claimed exemption from all taxation beyond that which was provided for by their charters or by special laws, which claims, even if legal, sub-

jected the corporations to the ill-will of the public and made it to their interest to forego the same and agree to the scheme of taxation established by that act; that, therefore, any such corporation might, within six months from the approval of that act, make a declaration in writing, under its common seal, signed by its president, surrendering all claim of exemption from taxation, and accepting the provisions of that act in lieu thereof, and file such declaration in the office of the secretary of state.

On the 27th day of September, 1873, in the form provided by the act last mentioned, the Paterson and Ramapo Railroad Company declared that it made claim to exemption from taxation in excess of that which was provided for in its charter and the supplements thereto, and that it surrendered such claim and accepted the provisions of the said act of 1873, and filed that declaration in the office of the secretary of state.

It is claimed for the defendant in error, not only that before the act of 1873 it had an irrepealable contract with the state upon the subject of its taxation, but that by its action, under that act, it obtained such a contract.

It has been held by this court, in *Morris and Essex R. R. Co.* v. *Commissioner of Railroad Taxation,* 9 *Vroom* 472, that the tenth section of the act referred to, under which the defendant's intended surrender was made, does not extend to corporations that have repealable charters on the subject of their taxation. This position, as will be seen by an examination of the case cited, is manifestly founded in sound reasoning, and is the only conclusion which can be reached that will give effect to the first nine sections of that law. It is not affected by the reversal of the judgment of this court in that case in the Supreme Court of the United States. 95 *U. S.* 104. We are, then, brought to the question whether the Paterson and Ramapo Railroad Company had an irrevocable contract with the state upon the subject of taxation, prior to the act of 1873.

The presumption is against such contract. Mr. Justice Swayne, in *Tucker* v. *Ferguson,* 22 *Wall.* 527, says: "The

taxing power is vital to the functions of government. It helps to sustain the social compact and to give it efficacy. It is intended to promote the general welfare. It reaches the interests of every member of the community. It may be restrained by contract in special cases for the public good, where such contracts are not forbidden. But the case must be shown to exist. There is no presumption in its favor. Every reasonable doubt should be resolved against it. Where it exists it is.rigidly scrutinized and never permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require. It is in derogation of public right, and narrows a trust created for the good of all."

This is the settled doctrine of the United States Supreme Court. *West Wisconsin Railroad Company* v. *Board of Supervisors*, 93 *U. S.* 598; *Memphis and Little Rock R. R. Co.* v. *Commissioners*, 112 *U. S.* 609; *Southwestern R. R. Co.* v. *Wright*, 116 *U. S.* 231; *Vicksburg R. R. Co.* v. *Dennis*, 116 *U. S.* 665; *Chicago R. R. Co.* v. *Missouri*, 120 *U. S.* 586.

It is, however, determined, beyond all controversy, that a state, unless its constitution restricts it, may bind itself by contract, in treating with a corporation upon the subject of taxation. It may create such a contract by positive statutory enactment, so irresistibly clear that its intention to irrevocably bind itself cannot be mistaken, or it may couple its bounty with conditions which may require the corporation to render a consideration for a partial or entire exemption from taxation. Such consideration may arise from a service, a duty, an expenditure, or other remunerative condition, imposed upon the corporation, either directly, or as a consequence of the exercise of privileges and franchises conferred by the same legislation. *Dartmouth College* v. *Woodward*, 4 *Wheat.* 518; *Christ Church Hospital* v. *Philadelphia County*, 24 *How.* 300; *Tucker* v. *Ferguson*, 22 *Wall.* 527; *North Western University* v. *People*, 9 *Otto* 309.

Where, however, the legislation limiting taxation, is of such a character that there is no positive declaration of a

permanent and irrevocable exemption or commutation, and nothing is exacted from the corporation which must operate as a consideration therefor; it is a gratuity, not a contract. *Christ Church Hospital* v. *Philadelphia County; Tucker* v. *Ferguson; West Wisconsin Railway Company* v. *Board of Supervisors, supra.*

An illustration of legislation of this kind is furnished in the first of these cases. In 1833, an act was passed by the Pennsylvania legislature which recited the charitable character of the Christ Church Hospital of Philadelphia, the dilapidation of its buildings, and the increasing burden of its taxes upon its slender means, and enacted " that the real property, including ground rents, now belonging and payable to Christ Church Hospital, in the city of Philadelphia, so long as the same shall continue to belong to said hospital, shall be and remain free from taxes."

This exemption was held to be a spontaneous concession of the legislature, which required no consideration from the corporation in return for it, and was revocable at the pleasure of the sovereign.

Neither the charter of the Paterson and Ramapo Railroad Company nor its supplements impose special conditions upon that corporation that can operate as a consideration for a contract between it and the state, upon the subject of taxation. The provisions of its charter and the supplements to it, upon that subject, are, then, mere legislative bounty. Those provisions are also expressly made subject to alteration, amendment and modification, and thereby the legislature has expressed its intent not to deal irrevocably with the corporation upon the subject of taxation.

It is clear that neither the charter in question nor its supplements involved the state in an irrepealable contract upon the subject of the defendant's taxation.

The defendant had no substantial claim to surrender, and was not among the corporations contemplated by the tenth section of the act of 1873, above referred to.

It was taxable under the other sections of that act, and is

now subject to taxation under the act of 1884. *Morris and Essex R. R. Co.* v. *Commissioner of Railroad Taxation, supra.*

It is insisted, for the defendant, that the value of property belonging to another corporation has been included in the assessment objected to, and that the amount so included should be ascertained and eliminated.

This question was not considered by the Supreme Court. It should be dealt with in that court.

The judgment of the court below should be reversed, and the record should be remitted to the Supreme Court, that it may render its judgment anew.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DEPUE, DIXON, REED SCUDDER, BROWN, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER. 11.