The Rector, Church Wardens, and Vestrymen, of Christ
Church, in the city of Philadelphia, in trust for Christ
Church Hospital, Plaintiffs in Error, *v.* the County of
Philadelphia.

In 1833, the Legislature of Pennsylvania enacted that "the real property, inclu-
ding ground rents, now belonging and payable to Christ Church Hospital, in
the city of Philadelphia, so long as the same shall continue to belong to the
said hospital, shall be and remain free from taxes."

In 1851, they enacted that all property, real or personal, belonging to any asso-
ciation or incorporated company, which is now by law exempt from taxation,
other than that which is in the actual use and occupation of such association
or incorporated company; and from which an income or revenue is derived by
the owners thereof, shall hereafter be subject to taxation in the same manner
and for the same purposes as other property is now by law taxable, and so
much of any law as is hereby altered and supplied be and the same is hereby
repealed.

This last law was not in violation of the Constitution of the United States.  It
is in the nature of such a privilege as the act of 1833 confers, that it exists
*bene placitum,* and may be revoked at the pleasure of the sovereign.

THIS case was brought up from the Supreme Court of the State of Pennsylvania by a writ of error issued under the 25th section of the Judiciary act.

The facts of the case are stated in the opinion of the court, and also the decision of the Supreme Court of Pennsylvania, which was alleged to be in conflict with the Constitution of the United States.

It was argued by *Mr. McCall* and *Mr. Reverdy Johnson* for the plaintiffs in error, and submitted on a printed argument by *Mr. King* for the defendants.

The first point of the counsel for the plaintiffs in error, viz: that a Legislature had power to exempt property permanently from taxation, was not contested by the other side; but the argument was, whether the reason given for exempting the property was a legal consideration of a contract or only a motive alleged for passing the laws. Upon this question many authorities were cited on both sides.

Mr. Justice CAMPBELL delivered the opinion of the court

This cause comes before this court upon a writ of error to the Supreme Court of Pennsylvania, under the 25th section of the act of Congress of the 24th September, 1789. In the year 1833 the Legislature of Pennsylvania passed an act which recited "that Christ Church Hospital, in the city of Philadelphia, had for many years afforded an asylum to numerous poor and distressed widows, who would probably else have become a public charge; and it being represented that in consequence of the decay of the buildings of the hospital estate, and the increasing burden of taxes, its means are curtailed, and its usefulness limited," they enacted, "that the real property, including ground rents, now belonging and payable to Christ Church Hospital, in the city of Philadelphia, so long as the same shall continue to belong to the said hospital shall be and remain free from taxes."

In the year 1851 the same authority enacted "that all property, real and personal, belonging to any association or incor-

porated company which is now by law exempt from taxation, other than that which is in the actual use and occupation of such association or incorporated company, and from which an income or revenue is derived by the owners thereof, shall hereafter be subject to taxation in the same manner and for the same purposes as other property is now by law taxable, and so much of any law as is hereby altered and supplied be and the same is hereby repealed." It was decided in the Supreme Court of Pennsylvania, that the exemption conferred upon these plaintiffs by the act of 1833 was partially repealed by the act of 1851, and that an assessment of a portion of their real property under the act of 1851 was not repugnant to the Constitution of the United States, as tending to impair a legislative contract they alleged to be contained in the act of Assembly of 1833 aforesaid.

The plaintiffs claim that the exemption conceded by the act of 1833 is perpetual, and that the act itself is in effect a contract. This concession of the Legislature was spontaneous, and no service or duty, or other remunerative condition, was imposed on the corporation. It belongs to the class of laws denominated *privilegia favorabilia*. It attached only to such real property as belonged to the corporation, and while it remained as its property; but it is not a necessary implication from these facts that the concession is perpetual, or was designed to continue during the corporate existence.

Such an interpretation is not to be favored, as the power of taxation is necessary to the existence of the State, and must be exerted according to the varying conditions of the Commonwealth. The act of 1833 belongs to a class of statutes in which the narrowest meaning is to be taken which will fairly carry out the intent of the Legislature. All laws, all political institutions, are dispositions for the future, and their professed object is to afford a steady and permanent security to the interests of society. Bentham says, "that all laws may be said to be framed with a view to perpetuity; but perpetual is not synonymous to irrevocable; and the principle on which all laws ought to be, and the greater part of them have been established, is that of defeasible perpetuity—a perpetuity defeasi-

ble by an alteration of the circumstances and reasons on which the law is founded." The inducements that moved the Legislature to concede the favor contained in the act of 1833 are special, and were probably temporary in their operation. The usefulness of the corporation had been curtailed in consequence of the decay of their buildings and the burden of taxes.

It may be supposed that in eighteen years the buildings would be renovated, and that the corporation would be able afterwards to sustain some share of the taxation of the State. The act of 1851 embodies the sense of the Legislature to this effect.

It is in the nature of such a privilege as the act of 1833 confers, that it exists *bene placitum*, and may be revoked at the pleasure of the sovereign.

Such was the conclusion of the courts in Commonwealth *v.* Bird, 12 Mass., 442; Dale *v.* Governor, 3 Stew., 387; Alexander *v.* Willington, 2 Russ. and M., 35; 12 Harris, 232; Lindley's Jurisp., sec. 42.

It is the opinion of the court that there is no error in the judgment of the Supreme Court, within the scope of the writ to that court, and its judgment is affirmed.