FRANK H. MILLER, Appellant, v. CHAS. J. HAGEMAN.

**Tax Exemption:**  IS PRIVILEGE:  *Subsequent legislation.*  Acts Twenty-third General Assembly, p. 27, chapter 15, provides that in cities of over 10,000 population, whenever any real estate may, by ordinance, be assessed with any special tax for street improvements, it shall be exempted, after payment, from any general road or street tax which might thereafter be assessed against it so long as the amount of such general tax would not exceed the amount of the special tax.  *Held,* that the exemption conferred a privilege only on a person acting and paying assessments thereunder, granted as a matter of public policy, and not a contract right, which the legislature was precluded from impairing by subsequent legislation.

STATUTES.  The exemption given by the statute was not preserved by Code 1897, section 51, declaring that the repeal of existing statutes "shall not affect any act done or any right accruing or which has accrued or been established," since no contract or vested right, but a mere privilege, arose out of the prior statute and the latter act protected rights, and not privileges.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

THURSDAY, MAY 23, 1901.

THIS is an action of mandamus to compel defendant, who is city treasurer of Davenport, to give plaintiff credit for, and mark as discharged, a charge for district road taxes in said city; and the plaintiff further asks that the defendant be enjoined from selling plaintiff's property for such tax. Defendant contests plaintiff's right to the relief asked. From a judgment for defendant, plaintiff appeals.—*Affirmed.*

*Cook & Dodge* for appellant.

*Henry Theunen, Jr.,* for appellee.

McCLAIN, J.—By chapter 15 of the Acts of the Twenty-third General Assembly (page 27), amended by chapter 13 of the Acts of the Twenty-fourth General Assembly, it was provided: "That in all cities existing under special charters, having a population of more than 10,000 under the census of 1885, whenever any real estate may by ordinance be assessed with any special tax for the improvement of streets, then such real estate, so specially assessed, and the special assessment upon which shall be paid, shall after such payment be exempted from taxation for any general road or street tax which might thereafter be assessed against it for any year or years, so long as the amount of such general road or street tax against such property would not exceed the amount of such special tax; and to the amount of such special tax paid as aforesaid, such general road or street tax shall be considered as fully paid, satisfied and discharged." In harmony with this statute, the city of Davenport, which is a city under special charter with a population of more than 10,000, had, in 1893, an ordinance providing for the exemption authorized by the statute. The provisions of this statute were not retained when the statutes relating to special charter cities were embodied in the Code of 1897. Between 1893 and 1897 (that is, while the provisions of the statute and ordinance above referred to were still in force) plaintiff's property was assessed for street paving on three sides thereof, and these assessments were paid. Plaintiff now seeks to assert the exemption provided for in this statute, and which was recognized as long as the statute remained in force, as against certain taxes levied by the city under the provisions of section 1005, subdivision 5, of the Code of 1897, which is as follows: "When any city is divided into road districts, a tax not exceeding two mills on the dollar on all taxable property in such road district

may be levied, to be known as the district road fund, and to be used only to pay the cost of cleaning, sprinkling, and repairing, the streets and public places in such district." Appellant contends that the provisions of chapter 15 of the Acts of the Twenty-third General Assembly and of the ordinance passed in pursuance thereof constituted a contract with the plaintiff, who paid special assessment taxes while they were in force, and created a right in plaintiff which could not be affected by subsequent legislation. The power of taxation is one of the sovereign and necessary powers of government, and, although it has finally been settled, after much contention, that this power may be limited by the granting of exemptions which will, under the provisions of the federal constitution prohibiting the impairment of contracts, be irrepealable if provided for in a valid contract made by the state—as, for instance, where they are given as an incident to a grant of land upon a consideration, or are embodied in a charter contract—yet the presumption is against any such surrender of the power of the state, and the exemption will be deemed repealable unless it clearly appears not only that the exemption is one which might be granted under the power of the state to contract, but also that it was clearly intended to be made irrepealable. This position is tersely stated in *Bank v. Billings*, 4 Pet. 514, 561 (7 L. Ed. 939, 955), as follows: "That the taxing power is of vital importance, that it is essential to the existence of government, are truths which it cannot be necessary to affirm. It would seem that the relinquishment of such a power is never to be assumed. We will not say that a state may not relinquish it; that a consideration sufficiently valuable to induce a partial release of it may not exist; but, as the whole community is interested in retaining it undiminished, that community has a right to insist that its abandonment ought not to be presumed in a case in which the deliberate purpose of the state to abandon it does not appear." And see *Bailey v. Maguire*, 22 Wall, 226 (22 L. Ed. 850); *Clark v. Water Co.*, 90 Ky. 515 (14 S. W. Rep. 502); *Wil-*

*mington & W. R. Co. v. Alsbrook,* 110 N. C. 137 (14 S. E. Rep. 652) ; *People v. Roper,* 35 N. Y. 629 ; *Mt. Pleasant Cemetery Co. v. Mayor, etc., of Newark,* 50 N. J. Law, 66 (11 Atl. Rep. 147) ; *Baltimore & O. R. Co. v. District of Columbia,* 3 MacArthur, 122 ; *Brewster v. Hough,* 10 N. H. 138. Statutes of exemption are not to be strictly construed. *In re Deleware R. Co. Tax Cases,* 18 Wall. 206, 225 (21 L. Ed. 888). "The right to levy and collect taxes is a necessary incident to every government, essential to its very existence, and it is never presumed to have been surrendered or abandoned, except by clear words, and for what is deemed at the time by the lawmaking body an adequate consideration. The surrender cannot be extended by implication." *Jones & Nimick Mfg. Co. v. Com.,* 69 Pa. St. 137. And see *Weston v. Supervisors,* 44 Wis. 242, 256 ; Cooley, Taxation, p. 54. The question, then, is whether a contract of exemption was made. *Clark v. Water Co.,* 90 Ky. 515, 525 (14 S. W. Rep. 502). It is well settled that a general exemption from taxation, not embodied in a contract, is repealable, even though property has been acquired or expenses incurred in reliance thereon. Such an exemption is in the nature of a bounty, and not a contract, and "those who rely upon it must base their reliance upon the free and voluntary good faith of the legislature." *East Saginaw Salt Mfg. Co. v. City of East Saginaw,* 13 Wall. 373 (20 L. Ed. 611). And see *East Saginaw Mfg. Co. v. Same,* 19 Mich. 259 ; *Grand Lodge of Louisiana v. City of New Orleans,* 166 U. S. 143 (17 Sup. Ct. Rep. 523, 41 L. Ed. 951) ; *Grand Lodge of Louisiana v. City of New Olreans,* 44 La. Ann. 659 (11 South. Rep. 148) ; *Rector of Christ Church v. Philadelphia Co.* 24 How. 300 (16 L. Ed. 602) ; *Tucker v. Ferguson,* 22 Wall. 527 (22 L. Ed. 807) ; *West Wisconsin R. Co. v. Trempaleau County Sup'rs,* 93 U. S. 595 (23 L. Ed. 814) ; *Franklin St. Soc. v. City of Manchester,* 60 N. H. 342 ; *Lord v. Town of Richfield,* 36 Conn. 116. This doctrine is illustrated and applied in the case of *Shiner v. Jacobs,* 62 Iowa, 372, where it was held that an exemption

from taxation on account of the planting of trees might be revoked by the repeal of the statute even as to one who has planted trees in reliance on the statute authorizing the exemption. An exemption granted to persons who should serve, for a specified number of years in the state national guard has been held repealable even as to persons who had complied with the provisions. *People v. Board of Assessors of City of Brooklyn,* 84 N. Y. 610. "A claim of personal exemption from taxation, from jury duty, of from military duty, is not in the nature of a right of property, or a corporate franchise. * * * It is more nearly akin to the claim of a public officer to a continuance of the compensation attached to the office by law at the time his duties are assumed than to a private contract with the government in the sense of the constitution." *People v. Roper,* 35 N. Y. 629, 639. "An exemption granted from motives of public policy merely, and where the state and its citizens do not meet on the basis of bargain and consideration, may be terminated at the legislative will." *Mt. Pleasant Cemetery Co. v. Mayor, etc., of Newark,* 50 N. J. Law, 66 (11 Atl. Rep. 147). Other exemptions, more nearly like that involved in this case, have been held repealable. Thus, where a city was incorporated under a law exempting from city taxes agricultural lands owned in tracts of not less than 10 acres within the city limits, it was held that the exemption could be repealed, and such lands subjected to city taxes. *Hayward v. People,* 145 Ill. 55 (33 N. E. Rep. 885). And see *McCallie v. Mayor, etc.,* 3 Head. 317; *Rose v. City of Charleston,* 3 Rich. 369. In *Bradley v. McAtee,* 7 Bush, 667, was involved the validity of a provision in a city charter which authorized special assessments for street improvements, and provided that thereafter the part of the street so improved should be kept in repair and cleaned at the expense of the city, and it was claimed that, after abutting property had once been taxed for improvement of the street, a subsequent statute authorizing another special assessment on the same property for a new pavement

was invalid; but it was held that there was no covenant to keep the street in repair which would constitute a contract protected as against subsequent legislation, and this language is used: "Under said charter the lot owners  *  *  * were required to perform no duty nor to pay any taxes which the state government could not have unconditionally exacted; hence, in paying the assessment made against them for the original improvement of said street, they sacrificed no legal right, nor made any extraordinary nor unusual contribution out of their private wealth to the public. They did nothing which by any possible construction could be deemed a consideration sufficient to bind the state to exempt their said property from similar taxation throughout all time to come. The exemption in their favor grew out of a limitation upon the delegated power of the city government, a limitation voluntarily imposed thereon by the general assembly, and which that department of the state government had a right to remove at any time public policy might so demand its removal. *  *  * A different construction of the charter would have the effect of conferring upon those property holders who, under its provisions, improved the streets upon which their grounds fronted, privileges which no other class of citizens enjoy." We are of the opinion, therefore, that the statutory provision involved in this case was a mere privilege, granted as a matter of public policy, which might be revoked whenever the legislature should deem a further continuance of the exemption to be contrary to public policy. The elements of a contract were wanting. The property owner who paid for street improvements while the statute was in force did nothing which he could not have been required to do without condition, and the exemption for which he contends was a mere privilege, and nothing more. When, therefore, the statute guarantying this privilege was repealed, the privilege ceased.

Appellant insists that the exemption contended for was preserved to him by section 51 of the Code of 1897 (by which the statute giving exemption was repealed), declaring that

the repeal of existing statutes "shall not affect any act done or any right accruing or which has accrued or been established"; but the difficulty is that, if there was no contract or vested right arising out of the previous statute, then there was no act done, or no right even partially accrued, which is preserved as against subsequent legislation. We think this provision was intended only to protect rights, not mere privileges. The exemption claimed in this case is prospective. It relates to taxes levied after the statute authorizing the exemption was repealed. At the time that the exemption statute involved in the case of *Shiner v. Jacobs, supra,* was repealed, there was a general saving clause, which preserved, as against the effect of the repeal, any right which had accrued under the statute repealed. ˙See Code 1873, section 45, subdivision 1 (now section 48, subdivision 1, of the present Code). But the court nevertheless held that the exemption was destroyed by the repeal of the statute.—AFFIRMED. ˙

WATERMAN, J., takes no part.