CASE 94—ACTION BY W. W. MAYDWELL, AND OTHERS AGAINST THE CITY OF LOUISVILLE, TO ENJOIN THE COLLECTION OF A TAX FOR SPRINKLING STREETS OF THE CITY.—NOV. 25.

# Maydwell, &c., v. City of Louisville.

| 116 | 885 |
| f129 | 610 |
| j129 | 622 |

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

CITIES—TAXATION—STREET SPRINKLING—PUBLIC PURPOSE.

Held:   1. The sprinkling of city streets, being necessary to preserve the public health and comfort, is a public purpose; and hence an ordinance levying a tax for street sprinkling purposes is not unconstitutional, under Const., section 171, providing that taxes shall be levied and collected for public purposes only.

LANE & HARRISON, ATTORNEYS FOR APPELLANT.
        (No brief by appellant.)

H. L. STONE, CITY ATTORNEY, FOR APPELLEE.

        1. The levy of a tax for sprinkling streets is valid, because for a public or governmental purpose.
        2. The contract made by the board of public works and approved by the general council, was a proper exercise of the powers vested in them.

### AUTHORITIES CITED.

Clark v. Louisville, 90 Ky., 520; City of Dayton v. Belle-
vue Water Co., &c., 20 R., 104; McDonald v. City of Louisville,
24 R., 271; Cooley on Taxation, 3d ed., vol. 1, pp. 84, 165, also
vol, 2, p. 1178; City of Owensboro v. Com., 20 R., 1281; Ken-
tucky Statutes, sec. 2825.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellants, who are citizens and taxpayers of Louis-
ville, Ky. (a city of the first class), instituted this action for
the purpose of enjoining the collection and disbursement
of a tax of three cents on each $100 worth of taxable prop-
erty for the purpose of sprinkling the streets of the city.
They claim the sprinkling of the streets is not a public pur-
pose, and that, therefore, so much of the ordinance as pro-
vides for the tax is unconstitutional and void. This is the
question involved in this litigation.

Section 171 of the Constitution provides: "The General
Assembly shall provide by law an annual tax, which, with
other resources, shall be sufficient to defray the estimated
expenses of the Commonwealth for each fiscal year. Taxes
shall be levied and collected for public purposes only. They
shall be uniform upon all property subject to taxation with-
in the territorial limits of the authority levying the tax;
and all taxes shall be levied and collected by general laws."
Section 181: "The General Assembly shall not impose
taxes for the purposes of any county, city, town, or other
municipal corporation, but may, by general laws, confer on
the proper authorities thereof, respectively, the power to
assess and collect such taxes. . . ." These two sec-
tions comprise the constitutional provisions regulating the
subject in hand. The charter provisions applicable to the
question are as follows:

"Sec. 2980. Each city shall raise a revenue from ad va-

lorem taxes, and a poll tax and license fees, and to that
end the common council of each city is hereby authorized
and empowered to provide each year, by ordinance, for the
assessment of all real and personal estate within the cor-
porate limits thereof subject to taxation for State pur-
poses, and shall levy an ad valorem tax on same, not ex-
ceeding the rate and limits prescribed in the Constitution,
and for school purposes not exceeding fifty cents on each
one hundred dollars of taxable property therein, or such
portion of poll tax or license fees as the council may desig-
nate; to levy a poll tax not exceeding one dollar and fifty
cents on each adult male inhabitant thereof. . . .

"Sec. 2981. In the ordinance fixing for any year the tax
rate, the general council shall subdivide its levy as follows:
A levy for schools, a levy for the sinking fund, a levy for
police purposes, a levy for the fire department, a levy for
street and sewer cleaning, a levy for sprinkling streets, a
levy for reconstruction of streets, a levy for street repairs,
a levy for construction and repairs of sewers, a levy for
the house of reform, a levy for charitable institutions, a
levy for parks, a levy for library purposes, and a levy for
general purposes and a deficit tax. The council shall cause
the foregoing levies to be made for the purpose stated by
an ordinance fixing the tax rate each year."

"Sec. 2825. The board of public works shall have exclu-
sive control over the construction, reconstruction, clean-
ing, repairing, platting, grading, improving, sprinkling,
lighting and using of all streets, alleys, avenues, lanes, mar-
ket-houses, bridges, sewers, drains, wells, cisterns, ditches,
culverts, canals, streams and water courses, sidewalks, curb-
ing and the lighting of public places."

It will thus be seen that there is ample statutory author-

ity to uphold the sprinkling of the municipal highways at the public expense.

The Constitution forbids the collection of any tax except for a public purpose. Is the sprinkling of the streets a public purpose? If so, the city has a right to collect the tax; if not, the ordinance, to the extent to which it authorizes a levy for this purpose, is void. Cooley, in his work on Taxation (3d Ed.), vol. 1, p. 211, says: "It is not doubted that the preservation of the public health is a public purpose of prime importance. Sanitary regulations are indispensable in large towns, but they may be made for every locality. The right to provide for draining low lands for the purpose is well settled, and the right to protect low lands from overflow may also be justified on the same reason."

It can not be doubted, at this day, that whatever is necessary for the preservation of the public health and safety is a public purpose, within the meaning of section 171 of the Constitution. For the purpose of furnishing the citizens with pure water, waterworks may be established, and public wells dug and maintained. That the public highways may, without peril, be traveled at night, they may be lighted at the public expense. That the people may have convenient and wholesome places for resort, public parks may be established and kept. For the education of the young, public schools are conducted. For the support of the indigent aged, almshouses are provided. For the reformation of vicious youth, reformatories are maintained. For the relief of the sick, hospitals are provided. For the protection of the public health, nuisances are abated, streets and sewers are flushed and cleaned. As a protection against conflagration, fire departments are established; and as a safeguard for life and property, police departments are

organized. It can not be successfully denied that the dust upon the streets of large cities is a fruitful source of disease, as well as of annoyance, to the citizens. The same principle which authorizes the streets to be cleaned for the purpose of preventing noisome odors and epidemics of disease authorizes them to be sprinkled.

The cases cited by counsel for appellants are not pertinent to the question in issue. Clark v. Louisville Water Company (90 Ky., 515; 12 R., 309) 14 S.W., 502, establishes the principle that the property of that corporation is subject to State taxation; but it does not thereby follow that the city may not contract with the corporation for the furnishing to its citizens pure water. This reasoning on the part of counsel confounds the public service with the instrumentalities by which that service is effectuated. Whatever public service the municipal corporation may itself perform it may hire others to perform for it, if it appears that the latter method is the cheapest and the best, unless there be some constitutional or statutory inhibition. In the case of City of Louisville v. Commonwealth, 1 Duv., 295, 85 Am. Dec., 624, it was held that the fire engines of the city of Louisville were not exempt from State taxation; but no one has ever doubted that the maintenance of a fire department for the purpose of preventing conflagrations is a public service, or that the levy of taxes for its maintenance is authorized.

It is the duty of cities to clean its public highways, that they may not become a nuisance. If, in their wisdom, they see fit to hire others to perform this service, it does not follow that the carts used by the contractors are exempt from taxation; nor can it be deduced therefrom that because they are not exempt the cleaning of the streets is not a public service. And yet this is the sole contention of

Maydwell, &c. v. City of Louisville.

appellants.   Logic could not be more faulty or inconse-
quential.   The Louisville Tramway Company is a corpora-
tion organized for the purpose  of  sprinkling  the  public
streets more rapidly and cheaply, by utilizing the street
car tracks, than could otherwise be done.   We are able to
perceive no reason why the municipality may not contract
with it to perform this service, so essential to the health,
happiness, and convenience of all its citizens.

The owners of property  abutting  upon  the  highways
sprinkled may get some local advantage distinguishable
from that of the traveling public; but this always happens
in the performance of public duties.   If a park is establish-
ed, those who own property near by enjoy an increased
value thereof by reason of its proximity to the public pleas-
ure ground; but it does not follow that the establishing
of parks is any less a public purpose for this reason.   The
establishing of a State college in a given city affords that
city a local advantage not enjoyed by other cities of the
Commonwealth; but no one would question that education
is a public purpose because of this fact.   All the citizens
have a right to travel the public streets, and, in order that
their health and convenience may be conserved, the city
may provide that they are reasonably safe, clean, and free
from substances deleterious to the public health.

As sprinkling the public ways clearly comes within the
constitutional requirement of a public purpose, the judg-
ment of the lower court dismissing the petition seeking to
enjoin the levy and collection of the tax for that purpose
is affirmed.